# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## HAROLD WOODROOF, PRO SE v. STATE OF TENNESSEE

### Appeal from the  Criminal Court for Davidson County
### No. 98-A-578   J. Randall Wyatt, Judge

---

### No. M2003-01020-CCA-R3-PC - Filed March 11, 2004

---

The Petitioner, Harold Woodroof, appeals the trial court's denial of his petition for post-conviction relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner failed to file his post-conviction petition within the one year statute of limitations.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, joined.

Harold Woodroof, pro se.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General, for the appellee, State of  Tennessee.

### MEMORANDUM OPINION

The petitioner is appealing the trial court's dismissal of his petition for post-conviction relief. The petitioner pleaded guilty to four counts of aggravated sexual battery and two counts of sexual battery.  Following a sentencing hearing, he was sentenced to twenty-six years.  This court affirmed the sentence on direct appeal, and the Supreme Court denied permission to appeal on April 10, 2000. Petitioner filed the post-conviction petition at issue on March 14, 2003.  The post-conviction court summarily dismissed the petition as being time barred by the statute of limitations.

Tennessee Code Annotated Section 40-30-102(a) provides that a petition for post-conviction relief must be filed within one year from final judgment.  The petitioner filed his petition well

1

beyond the time allowed by the statute, and none of the enumerated exceptions to this time limit apply in this case. See Tenn. Code Ann. § 40-30-102(b). Under the Post-Conviction Procedure Act, exceptions to the statute of limitations are explicitly set forth, *i.e.,* (1) claims based upon a new rule of constitutional law applicable to a petitioner's case, (2) claims based upon new scientific evidence showing innocence, and (3) claims based upon sentences that were enhanced because of a previous conviction and the previous conviction was subsequently found to be illegal. See Tenn. Code Ann. § 40-30-102(b)(1)-(3) (2003 Repl.). Petitioner has failed to assert one of these exceptions for tolling the statute. He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned. See Tenn. Code Ann. § 40-30-106(g) (2003 Repl.). Thus, no grounds exist as an exception to the statute of limitations. In his response to the State's motion to affirm the judgment of the trial court, Petitioner asserts that the statute of limitations should have been waived in his case because his constitutional rights were violated by the trial court. This argument is without merit.

Accordingly, the state's motion is hereby granted. The judgment is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. Because the appellant is indigent, costs are taxed to the State.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE

2